■ In the Matter of the Claim of WESLEY TAYLOR, Respondent, v. 1765-1763 REALTY CORP., Respondent, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the State Insurance Fund from a decision and award of benefits on the ground that the policy on which the award was made had been effectively cancelled so as to remove coverage with respect to the accident involved herein. Claimant, a janitor, sustained an industrial accident on March 2, 1961. There is no dispute that if there is coverage the injury sustained is compensable. The sole question is the correctness of the board's determination that a policy may not be cancelled for the current year pursuant to the provision of section 93 of the Workmen's Compensation Law because of nonpayment of a premium due for the prior year as revealed by a year-end audit. The employer respondent had had State Fund coverage since 1948. His renewal periods were April 10 each year and accordingly in April, 1960 he renewed for the year ending April 10, 1961 and paid an estimated premium for this period. In November, 1960, appellant made its customary audit for the prior period, April, 1959 to April, 1960, and found an additional premium due of $48.50. A bill was sent to the employer for this amount, and when it remained unpaid, a notice of cancellation of the policy then in force was sent. The accident involved occurred after cancellation had become effective. We cannot concur in the board's holding. Section 92 of the Workmen's Compensation Law mandates the audit process at the end of each renewal period to determine whether an additional premium is due or a rebate is in order. It also provides that if the adjusted premium exceeds the initial premium "the employer shall pay the difference *immediately* upon notification of the amount of the true premium and the difference due" (emphasis added). Section 93 then provides in part: "If an employer shall default in *any* payment required to be made by him to the state insurance fund after due notice, his insurance in the state fund may be cancelled and the amount due from him shall be collected by civil action". (Emphasis added.) In our opinion the clear purport of section 93, when read in conjunction with section 92, is to give the State Fund exactly the right of cancellation it has here exercised. Section 93 specifically makes its provisions applicable on "default in any payment", and it makes no sense for the Fund to have the power of cancellation if it cannot cancel the coverage currently in force. We find no merit in the board's argument that the remedy of civil action is sufficient in view of the clear and unambiguous provision in section 93 for cancellation as a conjunctive remedy available to the Fund in its discretion. Nor can we see any basis for the board's position that each "renewal" by the payment of an additional premium constitutes a new contract of insurance separate from last year's contract and unaffected by the nonpayment of premiums thereon. *Consolidated Companies* v. *Metropolitan Life Ins. Co.* (271 App. Div. 414, affd. 296 N. Y. 1025), relied on by the board, is not apposite to the present situation. Rather both the statutory scheme and the terms of the contract itself would seem to contemplate coverage on a continuing basis by merely extending the original policy from period to period. Decision reversed and the matter remitted to the Workmen's Compensation Board for further action not inconsistent herewith, with costs to appellant carrier against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.